[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Laurel L. DiMeglio, age 47, whose maiden name was Laurel M. Kentfield, and the defendant, Michael A. DiMeglio were married at Stamford, Connecticut on August 1, 1970. The parties have two adult children issue of the marriage, Holly born October 19, 1974 and Jay, born August 11, 1976.
The marriage has broken down irretrievably. The main cause of the breakdown results from the defendant's financial mismanagement. Prior to 1989, he was earning approximately $78,000.00 working for IBM. He left that employment because he claims he was not able to cope with a failing marriage and a fifty plus miles commute to his job. From the time he left IBM until December 1993, Mr. DiMeglio provided little if any financial support for his family. He repeatedly complained of the fact that his wife did not get a substantial job to support the family.
It is apparent from his testimony that Mr. DiMeglio accepts no responsibility for the breakdown of the marriage. He represented himself as self righteous and totally without blame for the failure of the marriage. This position is totally rejected by the court.
Mr. DiMeglio received $94,000.00 severance pay from IBM which was used for family support. In addition, a home equity loan was placed on the family residence which was also used for family support. There is now no equity in the home located at 25 Long Mountain Road, New Milford.
At the present time, the plaintiff is employed as a secretary earning $468.80 per week with a net of $383.48. CT Page 10936 She also works cleaning houses for $30.00 per week and has rental income of $38.45 per week. The defendant is presently unemployed and receives $337.00 per week. Mr. DiMeglio claims various partnership interests in real estate but they show negative equity and income.
From the evidence, the court finds that the marriage has broken down irretrievably and that the following orders should enter:
1. A decree of dissolution based upon irretrievable breakdown.
2. The plaintiff shall transfer her undivided one half interest in 25 Long Mountain Road, New Milford to the defendant and the defendant shall save and hold harmless the plaintiff as to the encumbrances on this property including any deficiency as a result of foreclosure.
3. The defendant shall pay to the plaintiff one dollar a year alimony.
4. The plaintiff shall retain all Kentfield family antiques and furnishings as well as other items of personal property at the marital residence. She shall remove such items within one week of her moving out of the residence.
5. The defendant shall assume sole responsibility for the loan from the Brookfield Bank and save the plaintiff harmless therefrom.
6. Each party shall be solely responsible for all debts shown on his or her affidavits and save the other harmless therefrom.
7. The plaintiff may take a change of name to Laurel L. Kentfield.
PICKETT, J. CT Page 10937